# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS WISDOM,

        Plaintiff,

   v.

JACOBSON WAREHOUSE COMPANY, INC.,

        Defendant.

_____

JACOBSON WAREHOUSE COMPANY, INC.,

        Third-Party Plaintiff,

   v.

SCHNUCK MARKETS, INC.,

        Third-Party Defendant.

Case No. 3:18-cv-00245-JPG-GCS

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Dennis Wisdom was a truck driver for a grocery-store chain called Schnuck's Markets, Inc. ("Schnucks"). In December 2015, he was to deliver his freight to a location in Illinois. But when he arrived and walked inside his trailer, his freight fell on top of him—allegedly causing serious bodily injury, pain, and metal anguish. For that injury, he sued defendant Jacobson Warehouse Company (the "Warehouse Company")—who packaged and loaded the trailers for Schnucks pursuant to a contract—under a theory of negligence for failing to properly load the freight. (Compl., ECF No. 1-1.) The Warehouse Company then brought a third-party complaint against Schnucks, asserting (1) a contribution claim against Schnucks pursuant to the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1, *et seq.*, for Schnucks's own negligence in failing

to properly train Dennis Wisdom; and (2) an indemnification claim against Schnucks pursuant to their contract with Warehouse Company. (ECF No. 22.) Schnucks has now moved to dismiss the indemnification claim in the third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30.)

## I.    LEGAL STANDARDS

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.    ANALYSIS

Schnucks makes three arguments regarding the Warehouse Company's indemnification claim: (1) it is unripe for adjudication; (2) it is duplicative of the negligence claim under the Joint Tortfeasor Contribution Act; and (3) the indemnification provision is unenforceable as a matter of

contract law. But none of these arguments prevail. Specifically, the indemnification clause provides:

> Each party agrees to indemnify and hold the other and its representatives harmless from and against all claims, liabilities, losses, damages[,] and expenses (including reasonable attorneys' fees and expenses) incurred or suffered by any of them as a result of or in connection with (i) any breach of any of their respective obligations under this Agreement[,] or (ii) the negligence or willful misconduct of the indemnifying party or its representatives. Schnucks and XPO waive their rights of subrogation against each other, both for themselves and their insurers.

(ECF No. 23, p. 6.)

## A.    Ripeness

Schnucks first argues that the indemnification claim is unripe because (1) "[t]he underlying litigation is active and the cause of action for indemnity has not accrued"; and (2) the Warehouse Company "has only alleged a future potential loss, but does not allege a loss incurred through the payment of a judgment or settlement." (ECF No. 30, ¶ 9.) That is not correct. Although Schnucks relies on Missouri law in their motion because the choice-of-law provision in the contract states that Missouri law shall apply, the choice-of-law rules in Illinois—which this Court must apply in a case here on diversity jurisdiction, *Klaxon Co. v. Stentor Electric Mfg. Co*., 313 U.S. 487 (1941)—instruct that contractual choice-of-law provisions only apply to *substantive* law. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc*., 199 Ill. 2d 325, 351 (2002). This issue—which fundamentally is about when the indemnity cause of action begins to accrue—is more of a procedural matter, which governed by Illinois state law under the state's choice-of-law rules. *Id.*

And in Illinois, causes of action for indemnification begin to accrue when the "party seeking contribution or indemnity has been served with process in the underlying action"—not when the underlying action has reached a final judgment, like Schnucks suggests. 735 ILCS 5/13-204(b); *see also Guzman v. C.R. Epperson Construction, Inc*., 196 Ill. 2d 391, 400–401 (2001).

And here, the Warehouse Company filed their third-party complaint within two years of being served process in this case—putting them well within the bounds of 735 ILCS 5/13-204(b).

**B.      Duplicity**

Schnucks next argues that the Court should dismiss the indemnification claim because it is duplicative of the contribution claim—namely because both claims rely on the underlying parties' negligence. That argument is not persuasive. First, these two counts are predicated on different theories: one is strictly in tort, while the other has its roots in contract law. Second, regardless of whether Missouri or Illinois law applies, both states recognize that indemnification clauses can supplement or waive certain aspects of contribution claims—meaning that both theories may be relevant moving forwards in this case. *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 166 (1991); *Waterwise v. KBA Const. Managers, Inc*., 820 S.W.2d 579, 583 (E.D. Mo. Oct. 29, 1991). And third, even if these counts are both predicated on the alleged underlying negligence, Federal Rule of Civil Procedure 8 allows a plaintiff to make demands for relief in the alternative, and in separate counts. *See* FED. R. CIV. P. 8(a)(3) & (d)(2).

**C.      Enforceability**

Finally, Schnucks argues that the indemnification provision is unenforceable because it "applies equally to both the indemnitor and indemnitee," and because the contribution action instead will determine the negligence of the parties. (ECF No. 30, ¶ 7.) While the Court agrees that the provision instructs that financial responsibility will be split according to the respective fault of the parties—just like in a contribution action—that is still no grounds for dismissal, specifically for the same reasons that the Court explained in its analysis on duplicity. And to the extent that Schnucks cited several Missouri state cases on the enforceability of certain indemnification provisions, the Court finds them all inapplicable because—as the Warehouse Company pointed

out in their response—Schnucks appeared to be mistaken on certain key phrases that actually were not in the contract at-issue, such as "to the extent" and "arising out of," among others. *E.g. XTRA Lease LLC v. Pacer Int'l, Inc.,* No. 4:10CV162 TIA, 2012 U.S. Dist. LEXIS 84, at *12 (E.D. Mo. Jan. 3, 2012); *Nusbaum v. City of Kansas City*, 100 S.W.3d 101 (Mo. 2003). Because Schnucks's cited cases relied on those phrases, they are not relevant here.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Schnucks's Motion to Dismiss Count II of the Third-Party Complaint. (ECF No. 30.)

**IT IS SO ORDERED.**

**DATED: MARCH 19, 2019**

<u>*s/ J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**